IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Warren Hirom Montgomery and | ) | 07-51781 |
| Tammy Jane Needham Montgomery, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

ORDER AND OPINION GRANTING MOTION BY THE
DEBTORS TO STRIKE SCHEDULE I AND DETERMINE
CURRENT MONTHLY INCOME

THIS MATTER came on for hearing on February 13, 2008, after due and proper notice,

upon the Motion by the Debtors to Strike Schedule I and to Determine Current Monthly Income.

Appearing before the court was Thomas W. Anderson, counsel for the Debtor, Julie Luckey,

counsel for the Chapter 13 Trustee, Robert E. Price, Jr., counsel for the Bankruptcy

Administrator, and Kathryn Bringle, Chapter 13 Trustee. After consideration of the motion and

other matters of record, the court finds as follows:

BACKGROUND

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on

November 13, 2007 (the "Petition Date").  Schedule I lists joint income in the amount of

$4,870.91.  According to the Form B22C filed on the Petition Date, the Debtors' annualized

income exceeds the applicable median family income for North Carolina, and the Debtors have

monthly disposable income in the amount of $64.51 that is available to pay unsecured creditors.

Shortly after the Petition Date, both Debtors lost their jobs.  The Debtors have since obtained

new employment with lower pay and, as a result, have experienced a significant drop in monthly

income.

In their proposed Chapter 13 plan, the Debtors propose to pay $1,070.00 per month, with no money to be paid to unsecured creditors.  The Chapter 13 Trustee objected to the Debtor's proposed plan on the basis that the Debtors had failed to commit their disposable income to the plan.  The Debtors' present motion requests that the court (1) strike the Debtors' original Schedule I; (2) excuse the Debtors from filing a new Schedule I or order them to file a new Schedule I at such time as the court finds appropriate; and (3) set a new time period for determining current monthly income.  In filing this motion, the Debtors hope to be permitted to recalculate their current monthly income using more recent figures, which would, in turn, eliminate any perceived disposable income on Form B22C.

### ANALYSIS

Pursuant to § 101(10A), "current monthly income"

> **(A)** means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on--
> **(i)** the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or
> **(ii)** the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and

11 U.S.C. § 101(10A).  Section 521 of Bankruptcy Code provides that a debtor must file a schedule of current income (Schedule I), *unless the court orders otherwise*.  11 U.S.C. § 521(a)(1)(B) (emphasis added).  Accordingly, if a debtor files a Schedule I, his or her current monthly income is the average monthly income during the six month period ending on the last

day of the month directly preceding the petition date.  However, if the court orders that the debtor

is excused from filing a Schedule I, his or her current monthly income is the average monthly

income during the six month period ending on a date on which current income is determined by

the court.

It is clear through the interplay of § 101(10A) and § 521(a)(1)(B) that Congress

contemplated instances where a debtor's Schedule I may not reflect an accurate assessment of a

Debtor's current monthly income.  *See In re Meek*, 370 B.R. 294, 303 (Bankr. D. Idaho 2007)

(stating that Schedule I may fail to account for reasonably anticipated changes in the debtor's

circumstances after the petition date and notes that current monthly income as defined by §

101(10A) and evidenced by the debtor's completed Form B22C will control "unless trustees,

creditors or debtors challenge that historically calculated income average as unrealistically high

or low given the debtor's actual factual circumstances and present evidence to support that claim

and substantiate the magnitude of the variation"); *In re Shahan*, 367 B.R. 732, 735 (Bankr. D.

Kan. 2007) (noting that the current monthly income defined by § 101(10A) "as an average figure

derived from the six month pre-petition period, may not be a 'real-time' figure if the debtor's

employment status or income has changed since that six-month period").  As such, Congress

provided courts flexibility in determining the debtor's current monthly income in § 101(10A).  *In*

*re Musselman*, 379 B.R. 583, 587 (Bankr. E.D.N.C. 2007).

In this case, if the Debtors' current monthly income is determined pursuant to §

101(10A)(A)(i), it would not accurately depict the Debtors' current financial condition.

Therefore, based on the circumstances of this case, the court will strike the Debtors' Schedule I,

and pursuant to § 101(10A)(A)(ii), the court will set a new six month time period ending on

February 13, 2008 to determine the Debtors' current monthly income.

IT IS SO ORDERED.

PARTIES TO BE SERVED
PAGE 1 OF 1
07-51781  C-13W


MR & MRS WARREN HIROM MONTGOMERY III
213 COTTAGE DRIVE
MOUNT AIRY NC 27030

THOMAS W ANDERSON
P O BOX 1273
101 EAST MAIN ST
PILOT MTN NC 27041

ROBERT E PRICE, JR
BANKRUPTCY ADMINISTRATOR'S OFFICE
PO BOX 1828
GREENSBORO, NC 27402

JAMES E VAUGHAN
ATTY FOR CITIFINANCIAL AUTO
206 NORTH SPRUCE ST SUITE 2A
WINSTON-SALEM NC 27101

BROCK & SCOTT/SEAN M CORCORAN
ATTY FOR US BANK NATIONAL ASSO
5121 PARKWAY PLAZA DR STE 300
CHARLOTTE NC 28217

RECOVERY MANAGEMENT SYST CORP
ATTY FOR GE MONEY BANK
25 SE 2ND AVENUE SUITE 1120
ATTN RAMESH SINGH/MIAMI FL 33131-1605

KATHRYN L BRINGLE
CHAPTER 13 TRUSTEE
P. O. BOX 2115
WINSTON-SALEM, NC  27102-2115